## JENNINGS v. HARRISON.

1. After judgment of foreclosure unappealed from, it is too late to make the point in a subsequent action, that the defendant, a married woman, had no power to make the mortgage so foreclosed. MR. CHIEF JUSTICE SIMPSON, *not concurring.*
2. In action for the recovery of a tract of land, the defendant is estopped from asserting a right to the possession by virtue of marital rights which had attached prior to the Constitution of 1868, where he had procured a mortgage, to be taken from his wife, to secure advances, under the assurance that the land was her's, agreed to a foreclosure sale, accepted with his wife the surplus proceeds of the sale, advised the vendee of the purchasers (the vendor of plaintiff) to buy the land, and rented it from such vendee for one year.

Before NORTON, J., Edgefield, November, 1889.

This was an action by Martha A. E. Jennings against James M. Harrison for the recovery of real property, commenced in July, 1889. The opinion sufficiently states the case.

*Messrs. J. W. DeVore* and *Gary & Evans,* for appellant.

*Messrs. Sheppard Bros.,* contra.

June 26, 1890. The opinion of the court was delivered by MR. JUSTICE McGOWAN. This was an action for the recovery

of a tract of land, described as containing 270 acres.   There is
no "Case," but the testimony is all printed in the "Brief," just
as it was delivered on the stand.   As well as we can gather the
facts, they were as follows :

In 1847 the defendant, Harrison, intermarried with Caroline
A. Moss, and they are both still living.   During the year of 1848,
the father of Mrs. Harrison gave her the tract of land now in
contention, and put her in possession of it.   There was no written
deed, but it was a verbal gift.   Mrs. Harrison, however, took
possession, and exercised ownership by executing mortgages of it
to several persons—to the judge of probate, to Sams & Carwile,
and to Mrs. T. P. Shaw.   On June 4, 1884, she executed another
mortgage of it to G. W. Turner & Co., to secure the sum of $725.
The papers (bond and mortgage) were executed with the knowl-
edge and at the request of the defendant, Harrison (husband),
who informed the parties "that the land belonged to his wife, and
a mortgage from her would be perfectly valid."   When the money
fell due on this last bond and mortgage, Mr. and Mrs. Harrison
both agreed with the mortgagees that the mortgage should be
foreclosed, and if, at the foreclosure sale, the land should bring
more than the debt, Harrison and wife should have the benefit of
it.   Thereupon, the mortgagees, Turner & Co., instituted proceed-
ings to foreclose, making parties the mortgagor, Mrs. Harrison,
and the senior mortgagee, Mrs. Shaw.[1]   G. W. Turner & Co.
became the purchasers of the land when sold by order of the court.
They sold and conveyed to J. Henry Wise, and he to the plain-
tiff.   In carrying out the agreement above stated, Harrison and
wife actually received the difference between what the land sold
for and the mortgage debt.   Before Wise bought the land from
Turner & Co., he (Wise) consulted with the defendant about the
contemplated purchase, and he was advised by Harrison to buy
it, and, after the purchase by Wise, he (Harrison) rented the land
from Wise for a year, and his wife and son for another year.   The
defendant, Harrison, claimed that, by virtue of his marital rights,
he was entitled to the possession of the land during the joint lives
of himself and wife; that he had never disposed of that interest;
and, therefore, the plaintiff was not entitled to recover.

[1] Mrs. Shaw's mortgage bore date May 9, 1882.—REPORTER.

There were requests to charge, but, from the view which the court takes, it will not be necessary to consider them separately. The judge charged, among other things, as follows : "It is the duty of the plaintiff to make out his case by the preponderance of the testimony. If his title depends upon an estoppel, then he must show, by a preponderance of the testimony, that the defendant is estopped. If the testimony is exactly balanced, then the defendant must gain his case. It is for you to say whether, in any of these matters, the plaintiff has shown by her chain of title the estoppel that she asserts. Did the defendant, by any words or conduct, induce Turner & Co. to take the mortgage and furnish the supplies, alleging that his wife had the right to make the mortgage? If he did, then he is estopped. Did the defendant induce Turner & Co. to deliver to him or his wife further supplies upon the faith of a mortgage which had already been executed? Was his conduct such as to induce Turner & Co. to believe that the mortgage was a valid subsisting security, and did it induce them to deliver further supplies upon it? If so, he is estopped. Did the defendant and his wife enter into an agreement with Turner, acting in behalf of Turner & Co., to take a part of the money, for which Turner & Co. should sell the land, if they should become purchasers at the master's sale? Did they accept the money afterwards, and thereby induce Turner & Co. to part with this difference in the amount of their debt and the price of the land? If so, the defendant would be estopped," &c.

Under the charge of the judge, the jury found for the plaintiff the land in dispute and seventy-five dollars damages; and the defendant appeals to this court upon various exceptions (18 in number), which are all stated in the "Brief," and need not be set out here. Indeed, the exceptions in various forms really make but two questions: First, the alleged want of power of Mrs. Harrison, a married woman, to mortgage her separate estate; and, second, the claim that the defendant, Harrison, had never legally disposed of his interest in the land by estoppel or otherwise.

Judgment of foreclosure was rendered in the proceedings of Turner & Co. against Mrs. Caroline A. Harrison, from which she did not appeal, having in express terms previously assented to the same. There cannot be the least doubt that, as to her inter-

est, whatever it was, the matter was *res adjudicata*.  See. *Cren-shaw* v. *Julian*, 26 S. C., 283, and *Shuford* v. *Shingler*, 30 *Id.*, 612..

The Circuit Judge committed no error as to the rights of the defendant, Harrison, and the doctrine of estoppel.  It seems to us, that, under the facts of this case, it would be inexcusable to do more than refer to the elementary authorities upon the subject. "The rule of law is clear, that where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous condition, the former is concluded from averring against the latter a different state of things as existing at the same time.  A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute the fact in an action against the person whom he has himself assisted in deceiving." 2 *Herm. Estop.*, § 917.  And the same author, at section 978, says: "It is now a well established principle, that when the true owner of property holds out another, or allows him to appear, as the owner of, or as having full power of disposition over, the property, and innocent third persons are thus led into dealing with such apparent owner, they will be protected," &c.  See *Bull* v. *Rowe*, 13 S. C., 370; *Dunlap* v. *Gooding*, 22 *Id.*, 548; and *Quattlebaum* v. *Black*, 24 *Id.*, 59.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MCIVER concurred.

MR. CHIEF JUSTICE SIMPSON.  I concur in the result in this case on the second ground discussed in this opinion, to wit, that the defendant, James M. Harrison, is estopped from contesting the title of the plaintiff.